# EXHIBIT A

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
OF FLORIDA IN AND FOR PALM BEACH COUNTY

**BRIAN KARAFIN**

        **Plaintiff,**          **CIVIL DIVISION**

**Versus**          **CASE NO: 2021- CA-007420 (AH)**

**ELSEVIER INC., a For Profit Delaware Corporation,**

        **Defendant.**

_____/

## COMPLAINT AND JURY TRIAL DEMAND

**COMES NOW** the Plaintiff, Brian Karafin (hereinafter also referred to as "Plaintiff"), by and through his undersigned counsel and sues the Defendant, Elsevier Inc. (hereinafter referred to as "Defendant"), and states as follows:

### INTRODUCTION

1. This is an action in excess of $30,000.00 (exclusive of fees an interest) by Plaintiff against his former employer for violation of the minimum wage and overtime provision pursuant to the Fair Labor Standards Act ("FLSA"), and Florida's Minimum Wage laws, pursuant to Florida common law. Plaintiff seeks damages and a reasonable attorney's fee.

### JURISDICTION

2. This action arises in part under 29 U.S.C. § 201, et. seq. of the FLSA. The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b).

3. This action also arises pursuant to Fla. Const Art X Sec 24, Florida's State Minimum Wage law ("FMW") and Florida Common Law.

4. The Plaintiff is a resident of Palm Beach County, Florida and is sui juris in all respects.

5. The Defendant is a for profit corporation formed pursuant to the laws of the State of Delaware and authorized to transact business within the State of Florida with a principal place of business located at 302 Knights Run Avenue, Tampa Florida.

6. Defendant was an employer of Plaintiff as defined by the FLSA and FMW.

7. Plaintiff has satisfied all conditions precedent to filing this action or the same have been waived.

8. Beginning in 1986, the Plaintiff agreed to work for Defendant, Elsevier Inc., in Florida from his home.

9. It was specifically agreed and understood that the Plaintiff would work 40 hours per week, plus overtime. Defendant accepted the benefits of Plaintiff's labor and suffered or permitted him to work for at least the past 3 years.

10. As compensation for said services, Plaintiff only received a base salary without overtime for work in excess of 40 hours. As such, at all times material, Plaintiff was being paid less than the Federal and Florida Overtime Wages.

11. Plaintiff worked overtime, for which he was not compensated.

12. The Defendant employed the Plaintiff to work and perform his employment obligations at his home located in Palm Beach County, Florida.

13. Plaintiff has retained the undersigned and has agreed to pay him a reasonable fee for said services.

### Count I – Florida Minimum Wage, Fla. Const Art X Sec 24

14. Plaintiff realleges paragraphs 1-13 above.

15. Defendant failed to pay Plaintiff the Florida Minimum Wage for all hours worked in violation of Fla. Const Art X Sec 24.

16. Plaintiff was damaged by Defendant's failure to pay him the Florida Minimum Wages.

**WHEREFORE**, Plaintiff demands a judgment against Defendant for the following:

    (a)    Wages found to be due and owing;

    (b)    An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

    (c)    Prejudgment interest in the event liquidated damages are not awarded;

    (d)    A reasonable attorney's fee and costs; and,

    (e)    Such other relief as the Court deems just and equitable.

### Count II – FLSA Overtime

17. Plaintiff realleges paragraphs 1-13 above.

18. Defendant failed to pay Plaintiff overtime due pursuant to the FLSA as described in part in Sec 7(a)(1) of the FLSA.

19. Plaintiff was damaged by Defendant's failure to pay him overtime.

**WHEREFORE**, Plaintiff demands a judgment against Defendant for the following:

    (a)    Wages found to be due and owing;

    (b)    An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

    (c)    Prejudgment interest in the event liquidated damages are not awarded;

    (d)    A reasonable attorney's fee and costs; and,

    (e)    Such other relief as the Court deems just and equitable.

## Count III – FLSA Minimum Wage

20. Plaintiff realleges paragraphs 1-13 above.

21. Defendant failed to pay Plaintiff the minimum wages due pursuant to the FLSA as described in part in Sec 6(a) of the FLSA.

22. Plaintiff was damaged by Defendant's failure to pay him the Federal minimum wage.

**WHEREFORE,** Plaintiff demands a judgment against Defendant for the following:

(a) Wages found to be due and owing;

(b) An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated: June 15, 2021.                    Respectfully submitted,

By: /s/David M. Glassberg

David M. Glassberg, Esq.
Fla Bar #:393916
For the Plaintiff